UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINE MAGES,

                Plaintiff,

                v.

ANDREW SAUL, COMMISSIONER,

                Defendant.

**Hon. Hugh B. Scott**

**18CV596**

**CONSENT**

**Order**

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 13 (plaintiff), 16 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 8 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 18, reassignment Order of July 9, 2019).

## PROCEDURAL BACKGROUND

The plaintiff ("Christine Mages" or "plaintiff") filed an application for disability insurance benefits on June 18, 2014, for a claimed onset date of November 1, 2011 [R. 12]. That application was denied initially. The plaintiff appeared before an Administrative Law

Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated May 12, 2017, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on March 29, 2018, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on May 23, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 13, 16), and plaintiff duly replied resting on her moving papers (Docket No. 17). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 26-year-old with a limited education, did not have any past relevant work [R. 26]. Plaintiff claims the following impairments deemed severe by the ALJ: obesity; asthma; rheumatoid arthritis; small disc herniation of the lumbar spine; major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder ("PTSD"); and agoraphobia [R. 14]. The record indicates that plaintiff stood 5'5" tall and weighed 277 lbs. when examined by the consultative examiner [R. 21, 540] but for her September 22, 2016, initial psychiatric evaluation plaintiff weighed 286 lbs. and had a Body Mass Index equaled 50.7 [R. 24, 586]. The ALJ considered plaintiff's obesity and incorporated it into her residual functional capacity assessment [R. 22]. Plaintiff also claims as an impairment diabetes with leg swelling, but the ALJ found no corresponding medical treatment records to support this claim [R. 15].

## MEDICAL AND VOCATIONAL EVIDENCE

Dr. Donna Miller performed a consultative examination of plaintiff in November 2014 [R. 539, 21]. The doctor reported plaintiff had rheumatoid arthritis, asthma, and right ankle pain

[R. 539, 541, 21]. The doctor found that plaintiff had mild limitations in heavy lifting, bending, carrying, prolonged walking, and standing as well as environmental limitations [R. 542, 21, 24]. The ALJ gave little weight to Dr. Miller's opinion because the doctor had no treating relationship with plaintiff, had examined her only once, and the assessment was dated and did not reflect plaintiff's motor vehicle accident in 2016 [R. 24]. Dr. Miller's finding of mild limitations "would suggest that the claimant had no severe physical impairments" the ALJ stated, but this was contradicted by plaintiff's later treatment history [R. 24].

Doctor Gregory Fabiano conducted a consultative mental evaluation of plaintiff in November 2014 [R. 535, 25]. Dr. Fabiano found that plaintiff had only mild mental limitations in relating adequately with others and appropriately dealing with stress, while having no limitations in her ability to understand simple directions, perform simple tasks independently, maintain attention and concentration, perform complex tasks independently, and make appropriate decisions, among various mental skills [R. 537-38, 25]. The results of Dr. Fabiano's examination "appear to be consistent with psychiatric problems and this may significantly interfere with the claimant's ability to function on a daily basis" [R. 538]. The ALJ also gave this opinion little weight due to it being stale, the lack of a treating relationship, and being based upon a single examination [R. 25]. The ALJ also noted that plaintiff sought outpatient psychiatric treatment in 2016 that was not considered by Dr. Fabiano [R. 25].

State agency psychological consultant, Dr. C. Butensky, Ph.D., also examined plaintiff in December 2014, finding that she had moderate severe psychiatric impairment that did not meet or equal Listings [R. 242, 25]. The ALJ gave this opinion partial weight, with more weight not assigned because of the lack of treating relationship and the dated opinion [R. 25].

The ALJ also noted that plaintiff did not provide treating source opinions [R. 24].

Plaintiff's parents wrote letters of support for plaintiff's application [R. 381, 383, 20]. There, her father noted plaintiff's post-traumatic stress disorder, nightmares and flashbacks [R. 381] while her mother stated that due to plaintiff's mental problems, her mother had to help with plaintiff's son [R. 383]. The ALJ gave these opinions little weight since they did not provide specific functional limitations and are not impartial [R. 25].

The ALJ concluded that plaintiff's claim of disability due to physical impairments was not substantiated by the medical evidence of record [R. 21]. Similarly, plaintiff's mental impairments also did not have evidence to substantiate disability [R. 22].

As summarized by plaintiff (Docket No. 13, Pl. Memo. at 12-13), at Step One of the five-step analysis the ALJ found that she did not engage in substantial gainful activity since the application date of June 18, 2014 [R. 14.] At Step Two, the ALJ found plaintiff suffered the severe impairments [R. 14]. At Step Three, the ALJ found that plaintiff did not have an impairment that met or equaled a Listing impairment [R. 15].

The ALJ found that plaintiff had a residual functional capacity to perform sedentary work with some specified conditions [R. 18]. The ALJ found that plaintiff could lift and carry 15 pounds occasionally and 10 pounds frequently; stand or walk with normal breaks for 2 hours in an 8-hour workday; sit with normal breaks for 6 hours of 8-hour workday; occasional contact/interaction with the public; required a low stress job, defined as having only occasional changes in the work setting; avoid concentrated pollutants and temperature extremes; avoid concentrated exposure to excessive noise; occasional climbing of ramps or stairs, balancing,

stooping, kneeling, crouching and crawling; and not work in close proximity to 40 or more people [R. 18].

At Step Four, with this capacity and no history of past relevant work, the vocational expert opined that a hypothetical claimant like plaintiff was able to perform such occupations as a pari-mutuel ticket taker; document preparer, microfilming; and addresser, all sedentary occupations [R. 27]. At Step Five, the ALJ concluded that jobs existed in the national economy that plaintiff could perform given her age, education, work experience, and residual functional capacity [R. 27]. As a result, the ALJ held that plaintiff was not disabled [R. 27].

Plaintiff submitted additional medical evidence to the Appeals Council regarding her back pain [R. 2, 97-187] (Docket No. 16, Def. Memo. at 10-11).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.   General Standards—Five-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

5

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. Plaintiff first contends that the residual functional capacity assessment was not based upon substantial evidence (Docket No. 13, Pl. Memo. at 1, 13-17). This record contains two functional assessments from consultative examiners, Dr. Miller [R. 539-42, Nov. 18, 2014, R. 21, 24-25] and Dr. Fabiano [R. 535, Nov. 2014, R. 23, 25] that were rendered over two years before the ALJ's decision; plaintiff concludes that these assessments were stale and should not have been relied upon (id. at 13).

7

Since the ALJ rejected all medical opinions and then rendered what plaintiff terms a "highly specific RFC finding" (id. at 14), plaintiff argues that the ALJ relied upon his lay opinion in reaching the residual functional capacity assessment (id.).

Defendant counters that substantial evidence supports the ALJ's decision (Docket No. 16, Def. Memo. at 15-16). Defendant asserts that the ALJ properly weighed the opinions of Drs. Miller, Fabiano, Butensky [R. 242, 25] and did not err in imposing a more restrictive residual functional capacity than was suggested by these doctors (id. at 22-30).

Plaintiff next argues that the ALJ did not properly evaluate other opinion sources, namely from her parents (id. at 17-19). Defendant replies that the ALJ did discuss her parents' statements at length (Docket No. 16, Def. Memo. at 20-21).

I.  Residual Functional Capacity

The ALJ gave little weight to the two medical assessments without having any other expert opinion to support his findings. While noting that the two assessments were stale and did not consider plaintiff's subsequent motor vehicle accident or psychiatric treatment, the ALJ has not evaluated these subsequent medical events.

The ALJ noted the absence of treating source opinions [R. 24]. Plaintiff has the burden of providing her residual functional capacity, Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012); Mitchell v. Colvin, No. 14CV303, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) (Skretny, J.); 20 C.F.R. § 416.912(a)(1) (id. at 26). Where the ALJ found greater restrictions than of the consultative doctors based upon review of the overall record, including portions that post date the evaluations, remand is not required for the ALJ to obtain a supplemental consultative evaluation (see id.). The record does not show plaintiff's treating sources

8

suggested work-related limitations from her impairments (id. at 26-27). The ALJ has not substituted his judgment for that of plaintiff's doctors (but cf. Docket No. 13, Pl. Memo. at 14).

Plaintiff's motion for judgment (Docket No. 13) on this ground is **denied** on this ground.

II.   Opinion Evidence

Plaintiff contends that her parents' observations of her deteriorated mental condition after Dr. Fabiano's examination provided "the most current functional information in the record" (Docket No. 13, Pl. Memo. at 17). Plaintiff seeks to have two letters from her parents be given more consideration than the ALJ gave them. Her parents did not testify at her hearing so the ALJ had only those two letters stating their perception of plaintiff's condition. Obviously as letters from lay persons, they do not address the issues Social Security Administration seeks to establish for covering functional limitations. The ALJ did note each parent's concerns about plaintiff's mental health [R. 20]. The ALJ also weighed the parents' opinions under the factors for 20 C.F.R. § 416.927(c)(1)-(6). Plaintiff's motion for judgment (Docket No. 13) on this ground also is **denied**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 13) for judgment on the pleadings is **denied**, and defendant's motion (Docket No. 16) for judgment on the pleadings is **granted**. Thus, the decision of the defendant Commissioner is **affirmed** pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

9

So Ordered.

_s/Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
October 25, 2019